Filed 3/21/23  P. v. Allen CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B324094 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. TA084884 |
| RODZINSKI ALLEN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Sean D. Coen, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

We review this appeal pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216.  We affirm.

## PROCEDURAL  BACKGROUND

On November 21, 2007, a jury convicted appellant Rodzinski Allen of second degree murder in violation of Penal Code section 187, subdivision (a).[1]  The jury found true the allegation that appellant personally and intentionally discharged a firearm, which proximately caused great bodily injury and death.  (§ 12022.53, subd. (d).)  In a bifurcated court trial, the trial court found appellant suffered a prior strike conviction (§§ 1170.12, subds. (a)–(d) & 667, subd. (b)–(i)); a serious felony (§ 667, subd. (a)(1)),  and a prior prison term (§ 667.5, subd. (b)).

On December 14, 2007, the trial court sentenced appellant to a term of 61 years to life in state prison.  This aggregate sentence included 15 years to life for the murder (doubled to 30 years for the strike), plus 25 years to life for the firearm enhancement, plus five years for the serious felony enhancement plus one year for the prior prison term.

On July 25, 2022, appellant filed a motion to vacate sentence under California's Racial Justice Act.  (§§ 745 & 1473.7.)  The trial court denied the motion, finding appellant had not made a prima facie showing under the Act.  Appellant filed a timely notice of appeal.

We appointed counsel to represent appellant on appeal.  On February 2, 2023, counsel filed a brief under *People v. Serrano* (2012) 211 Cal.App.4th 496.  The brief raised no issues.  Counsel advised us she had told appellant he may file a supplemental

---

[1]     Undesignated statutory references are to the Penal Code.

brief within 30 days and she had sent him the transcripts of the case as well as a copy of the *Serrano* brief.

On February 2, 2023, this court sent appellant a notice that a brief raising no issues had been filed on his behalf. This court advised appellant he had 30 days within which to submit a supplemental brief or letter stating any ground for an appeal he wishes this court to consider. Appellant was advised that if no supplemental brief was timely filed, his appeal may be dismissed as abandoned.

On February 17, 2023, appellant filed a supplemental brief, which we discuss below.

## FACUAL BACKGROUND

The facts are taken from the Probation Officer's Report. On February 18, 2006, appellant killed Warren Larkin after an argument over money and drugs. Appellant and Larkin had argued. Appellant left, returned an hour later, and shot Larkin multiple times in the upper torso.

## DISCUSSION

In his supplemental brief, appellant invokes and seeks relief under the Racial Justice Act, codified in sections 745 and 1473.7, subdivision (a). (Stats. 2020, ch. 317, § 1.) However, by its terms, the Racial Justice Act applies only to "all cases in which judgment is not final." (§ 745, subd. (j)(1).) A judgment becomes final where the judgment of conviction was rendered, the availability of appeal is exhausted, and the time to file a petition for certiorari has elapsed. (*People v. Padilla* (2022) 13 Cal.5th 152, 162; *In re Spencer* (1965) 63 Cal.2d 400, 405.)

Appellant's 2007 judgment was affirmed by this court on January 29, 2010. (*People v. Allen* (Jan. 29, 2010, B205164) [non pub. opn.].) The California Supreme Court denied appellant's petition for review on April 14, 2010. The time to file a petition for certiorari expired 90 days later on or about July 15, 2010. Appellant's judgment is final and he is not eligible for relief under the Racial Justice Act.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**.

STRATTON, P. J.

We concur:

GRIMES, J.

VIRAMONTES, J.

4